UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Idilio Monsivais,

        Plaintiff

v.

Darrel Davies,

        Defendant

Case No. 2:25-cv-00377-CDS-MDC

**Order Dismissing and Closing Case**

      Plaintiff Idilio Monsivais filed this lawsuit against defendant Darrell Davies asserting subject matter jurisdiction based on diversity jurisdiction. Compl., ECF No. 2 at 3. However, the complaint alleges that both Monsivais and Davies are citizens of Nevada. *Id.* Monsivais was therefore ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Order, ECF No. 11. In his response, Monsivais argues that complete diversity of citizenship exists because he is a citizen and resident of Washington and Davies is a citizen and resident of Nevada. Resp., ECF No. 12 at 2. Monsivais further asserts that, at the time the lawsuit was filed, he was domiciled in Washington. *Id.*

I.    Discussion

     A.  Diversity of citizenship

      "To establish citizenship for diversity purposes, a party must '(a) be a citizen of the United States, and (b) be domiciled in a state of the United States.'" *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Although residency is an element of domicile; a party is domiciled where they (1) reside, and (2) intend "to remain permanently or indefinitely." *Lew*, 797 F.2d at 749–50 (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 855 (9th Cir. 2001). Thus, to assess diversity jurisdiction, the court must consider each party's "domicile." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

As the party asserting diversity jurisdiction, the plaintiff bears the burden of proving its existence. *Kanter*, 265 F.3d at 857 (citing *Lew*, 797 F.2d at 749). As noted in *Lew*, the determination of an individual's domicile involves a number of factors: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Courts have also stated that domicile is evaluated in terms of "objective facts," and that "statements of intent are entitled to little weight when in conflict with facts." *Id.* (citation omitted).

Here, the question is whether Monsivais has provided sufficient evidence to establish that he is domiciled in Washington. In the original pleading, Monsivais identifies himself as a citizen of Nevada. ECF No. 2 at 3. Monsivais's response to the show cause order[1] fails to give any explanation for why his initial description should now be ignored. Instead, Monsivais states that he lived in Washington at the time of filing the complaint and he provides a copy of his driver's license, vehicle registration, and license plate, to corroborate this assertion. *Id.* at 5–7. Although this evidence weighs in favor of Monsivais having been domiciled in Washington at the relevant time, he has offered little else in terms of evidence supporting his position, and physical location alone does not establish domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (noting that "numerous courts treat a person's residence as prima facie evidence of the person's domicile"); *cf. Kanter*, 265 F.3d at 857 ("Residency alone, however, is not sufficient to show an intent to remain; only domicile is determinative.").

So, although Monsivais demonstrates that he may reside in Washington, he must also satisfy the intent to remain in Washington to establish domicile. "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there

---

[1] Monsivais's response violates Local Rule IC 6-1 requiring redaction of personal identifying information, including but not limited to dates of birth. Further instructions are included in the conclusion of this order.

indefinitely." *Lew*, 797 F.2d at 750 (citations omitted). Monsivais' response fails to address his intent to remain in Washington indefinitely. Monsivais alleges that he "[had] to relocate" but his mailing address, visits, and family all remain in Nevada, so he seeks damages in the amount of $20,000 in flights, $15,000 in gas, and $40,000 for living in hotels for a period of three years. ECF No. 2 at 4. This demonstrates little affirmative *intent* to abandon Nevada and instead be domiciled in Washington. Moreover, by Monsivais's own admission, he resides in Washington but "pretty much travel[s] back and forth." *See* Trial tr., ECF No. 10 at 77; 67:16–17. His activity appears to be closer to that of a frequent visitor of Washington, or someone who temporarily stays in the Washington, rather than someone seeking to make himself at home. *Gaudin v. Remis*, 379 F.3d 631, 636–37 (9th Cir. 2004) (a person's physical presence **with** the intent to remain in a new jurisdiction is sufficient to change domicile) (emphasis added).

Since Monsivais's response to the show-cause order does not address the balance of the *Lew* factors, provide substantial evidence, or offer sufficient argument to support his claims of Washington citizenship, there are not enough objective facts before the court to establish Monsivais's intent to make Washington a fixed and permanent home. *See In re Rodenbough*, 579 B.R. 545, 549 (Bankr. D. Idaho 2018) (finding that a residence may refer to living in a particular locality without the intent to make it a fixed and permanent home.).

### B. Amount in controversy

In his show cause response, Monsivais asserts that the amount in controversy exceeds $75,000 because he seeks (1) direct and relocation costs of $13,000; (2) lost business income of $50,000; (3) "reputation repair" of $25,000; and (4) legal fees of $12,000. ECF No. 12 at 2. In sum, Monsivais's response reflects an amount in controversy of $100,000. However, where the plaintiff originally files in federal court, "the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

In his complaint, Monsivais prays for $20,000 in flights, $15,000 in gas, $40,000 living in hotels, and "other small details now the sum well over 350k." ECF No. 2 at 4. Again, as the party asserting diversity jurisdiction, Monsivais bears the burden of establishing by a preponderance of the evidence the amount in controversy is sufficient to establish jurisdiction. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001). "A speculative argument regarding the potential value of the award is insufficient" to establish diversity jurisdiction. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (citing *McCauley*, 264 F.3d at 376).

I am not persuaded that Monsivais meets his burden demonstrating that his damages exceed the jurisdictional threshold. Aside from Monsivais's conclusory allegation of damages amounting to $425,000, the amount in controversy does not appear to exceed $75,000. The sole allegation in the complaint is that Davies "testified under oath to several facts" and "grav[e]ly slander[ed]" his name. ECF No. 2 at 4. This allegation is insufficient to demonstrate that the amount in controversy is over $75,000. *GMAC Mortg., LLC v. Martinez*, 2010 WL 1931268, at *4 (C.D. Cal. May 10, 2010) (holding that the amount in controversy requirement was not met because there were "no facts or evidence corroborating" the damages assertion); *see also Romsa v. Ikea U.S. W, Inc.*, 2014 U.S. Dist. LEXIS 120984, at *8 (C.D. Cal. Aug. 28, 2014) (treating a plaintiff's damages estimate as insufficient to establish the amount in controversy "if it appears to be only a 'bold optimistic prediction'" (citation omitted)).

I therefore find that Monsivais's allegations regarding damages are unsupported by facts and, thus, fail to show the requisite amount in controversy for diversity jurisdiction. In the absence of diversity jurisdiction, this matter cannot proceed in federal court.

## II. Conclusion

IT IS HEREBY ORDERED that the show cause order [ECF No. 11] **is discharged**.

IT IS FURTHER ORDERED that Monsivais's complaint [ECF No. 2] **is dismissed without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is kindly instructed to seal Monsivais's response to the order to show (ECF No. 12), and further to detach and refile pages 1–3 for the public record.

The Clerk of Court is also kindly directed to close this case.

Dated: October 10, 2025

_____
Cristina D. Silva
United States District Judge